# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY CUTLIP,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1218** (BOR Appeal No. 2050520)
                    (Claim No. 960014574)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**B & B CUTTING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Larry Cutlip, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Dawn E. George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2015, in which the Board affirmed a May 12, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 4, 2014, decision which authorized the medications Percocet and MS Contin for a weaning and tapering period or to find an alternative payment source.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] The decision corrected a prior October 9, 2014, claims administrator decision which authorized the medications Mobic, Gabapentin, Zanaflex, Percocet, and MS Contin.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cutlip, a glassworker, injured his lower back in the course of his employment on October 6, 1995, while moving a box. The claim was held compensable for lumbar strain and displaced lumbar disc. Mr. Cutlip began treating with Edward Doyle, M.D. On February 19, 1999, Dr. Doyle noted that Mr. Cutlip underwent a microdiscectomy in 1998. He reported worsening lower back pain since November of 1998. The pain was pretty well controlled with Lorcet tablets and a TENS unit. Dr. Doyle opined that Mr. Cutlip should remain on the Lorcet but should not receive any additional narcotics without first undergoing a psychological evaluation. In 2005, Dr. Doyle stated that Mr. Cutlip had been stable with his pain meds. He reported that he has tried going without his mediations but his radicular leg pain worsened. The pain medication controlled his pain very well and the lifestyle enhancement from the medications was significant. In 2006, his Oxycontin was increased. Mr. Cutlip was also treated by John Mathias, M.D., who stated in September of 2009 that Mr. Cutlip's pain was reasonably controlled with MS Contin and that he would remain on it indefinitely. In January of 2010, the dosage was increased.

ChaunFang Jin, M.D., performed an independent medical evaluation on April 2, 2010. She noted that Mr. Cutlip underwent surgery for his compensable back injury. He also had a back injury in 1991, for which he also underwent surgery. Dr. Jin assessed chronic low back pain with failed back syndrome, history of disc herniation, and left lower leg L4-5 sensory radiculopathy. She opined that Mr. Cutlip sustained a minor injury in 1995 that greatly exacerbated his prior 1991 injury. She further opined that additional therapy was not indicated for the compensable injury except for maintenance drug therapy for proper function. However, Dr. Jin stated that Mr. Cutlip's OxyContin use was high. In an addendum report, she asserted that Mr. Cutlip had been treated appropriately; however, there was concern regarding the high dose of opioid medication he was taking. The frequency of his OxyContin was inappropriate from a pharmacological standpoint.

Sara Chua, D.O., noted that Mr. Cutlip's pain was well controlled with his current medications on April 15, 2013. Mr. Cutlip sustained a lumbar sprain in June of 2013 and reported that his pain had increased and he now experienced pain shooting down his right leg. He requested that his medication be increased in October of 2013. Dr. Chua referred him to Denzil Hawkinberry, M.D., for adjustment of his pain medication.

On September 23, 2013, the Office of Judges affirmed a March 19, 2013, claims administrator decision denying a request for authorization of MS Contin and Oxycodone. It determined that both medications are Schedule II drugs under West Virginia Code of State Rules § 85-20-53.14 (2006). The medications can only be prescribed beyond a two week time frame if there is a treatment plan submitted which includes a time to wean the claimant off of the medications. The Office of Judges found that there was no such documentation submitted and that Mr. Cutlip's physicians intend to keep him on the medications indefinitely.

In December of 2013, Dr. Hawkinberry noted that Mr. Cutlip was following up for chronic back pain. He reported his pain was well managed with his current medications and that he felt well overall. Mr. Cutlip was taking MS Contin and Percocet for lumbar disc degeneration. He was also diagnosed with lumbar disc displacement, spondylosis, radiculopathy, stenosis, arthropathy of the lumbar facet joint, and post-laminectomy syndrome. Dr. Hawkinberry testified in a deposition on December 17, 2013, that he specializes in pain management. He stated that he first treated Mr. Cutlip in 2013. He was on narcotics at that time and Dr. Hawkinberry continued those medications. The medications work well for him. He takes MS Contin three times a day and Percocet every six hours. Dr. Hawkinberry opined that Mr. Cutlip's current symptoms were the result of the compensable 1995 injury. He stated that Mr. Cutlip had been on the medications for so long that he would not do well off of them. Dr. Hawkinberry admitted on cross examination that he has not recommended any physical therapy.

The claims administrator authorized the mediations Mobic, Gabapentin, Zanaflex, Percocet, and MS Contin on October 9, 2014. On December 4, 2014, the claims administrator issued a corrected decision stating that the authorization period for Percocet and MS Contin should be used to wean and taper or find an alternative payment source. The Office of Judges affirmed the decision on May 12, 2015.

The Office of Judges found that the treatment guidelines set forth in West Virginia Code of State Rules § 85-20 allow for extraordinary cases that require treatment in excess of the guidelines. However, the treatment guidelines set forth in Rule 20 are presumed to be reasonable; therefore, treatments in excess must be accompanied by detailed and documented medical findings, peer reviewed studies, and the elimination of causes not directly related to the compensable injury. Percocet and MS Contin are Schedule II drugs under West Virginia Code of State Rules § 85-20-53.14. The medications should only be prescribed for two weeks following an initial injury or surgery. Authorization beyond that time period requires a treatment plan with timed goals, including a schedule to wean the claimant from opioid use; consideration of relevant prior medical history; a summary of the conservative care rendered; a statement on why conservative measures failed or are not appropriate as the sole treatment; a summary of consultations; a statement that screening has been performed for risk factors for medication abuse; and a signed opioid agreement.

In this case, the Office of Judges found that the reporting requirements for long term opioid use had not been met. There is no evidence Dr. Hawkinberry has prepared a time period for weaning Mr. Cutlip off of the medication. In fact, it appears that he intends to keep him on the medication indefinitely. Additionally, he has continued to increase the medication without exhausting or exploring conservative treatment options. Finally, the Office of Judges found no evidence he has continued appropriate screening for the risk of opioid abuse. The Office of Judges noted that both Drs. Doyle and Jin raised concerns about Mr. Cutlip's high opioid use. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 24, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Cutlip is well outside of the timeframe allowed in Rule 20 for continued

opioid use, and there is no evidence in the record that Dr. Hawkinberry, or any other physician, has submitted the proper documentation for long term opioid use. The Office of Judges and Board of Review were therefore correct to affirm the claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II